UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TUAN DUONG<br>5041 N Marshall St<br>Philadelphia PA 19120<br><br>   Plaintiff,<br><br>  v.<br><br>VIKING YACHT COMPANY<br>5738 U.S. 9<br>Tuckerton, NJ 08087<br><br>   Defendant. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

**CIVIL ACTION COMPLAINT**

Plaintiff Tuan Duong (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Viking Yacht Company (hereinafter "Defendant").

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Defendant of the Family and Medical Leave Act ("FMLA") and the New Jersey Law Against Discrimination ("NJLAD"). Defendant fired Plaintiff because he took medical leave and/or because of his disability and/or perceived disability. As a result of Defendant's conduct, Plaintiff suffered damages as set forth herein.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FMLA. This Court has jurisdiction over Plaintiff's state law claim(s) because they are supplemental to

1

Plaintiff's underlying federal claims and arise out of the same transaction or occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant is a corporation that does business within the state of New Jersey.

8. At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein as if set forth in full.

10. Defendant hired Plaintiff on or around February 25, 2013, as a fiberglass worker.

11. On or around April 28, 2015, Plaintiff was diagnosed with a medical condition that required him take time off from work to treat and recover from same.

12. Plaintiff's medical condition substantially limited major life activities of Plaintiff.

13. In or around May 2015, Plaintiff submitted paperwork to Defendant requesting a medical leave of absence under the Family Medical Leave Act ("FMLA") to treat his medical condition.

14. Defendant approved as an FMLA protected leave of absence, a medical leave for Plaintiff from April 28, 2015 until June 1, 2015 (4 weeks and 6 days), so that Plaintiff could treat his medical condition.

15. Plaintiff returned to work at Defendant on or around June 1, 2015.

16. In or around September 2015, Plaintiff gave Defendant notice that he would need surgery relating to a different medical condition (hereinafter "second medical condition"); Plaintiff gave Defendant this notice by way of a note from his doctor.

17. Later in September 2015, Plaintiff informed Defendant that he had surgery related to his second medical condition scheduled for October 15, 2015.

18. Defendant, through Secretary Mark, informed Plaintiff that all that was necessary for the requested second FMLA leave of absence to be approved, was for Plaintiff to submit FMLA paperwork related to his need for leave.

19. Plaintiff furnished Defendant, through Secretary Mark, with FMLA paperwork for the second FMLA leave; the paperwork indicated that the leave was to last from October 15, 2015 to November 16, 2015 (4 weeks and 4 days).

20. On or around November 9, 2015, Plaintiff's Doctor informed Defendant via phone call to Secretary Mark, that he (Plaintiff's Doctor) anticipated Plaintiff would be able to return to work in early December 2015.

21. Plaintiff also spoke to Secretary Mark on or around November 9, 2015, and confirmed that Plaintiff's doctor had called and had informed Defendant that he anticipated that Plaintiff would be able to return to work in early December.

22. Nonetheless, Secretary Mark directed Plaintiff to call each morning to let Defendant know whether he was able to return to work that day.

23. Per Secretary Mark's direction, Plaintiff called Defendant each morning to let Defendant know that he was not yet medically able to return to work, but that he anticipated returning to work in early December.

24. Nonetheless, on or around November 24, 2015, Defendant sent Plaintiff a letter terminating his employment, claiming that Plaintiff had "exceeded" his FMLA leave entitlement, and that "due to production demands" Defendant could no longer hold his position, and that Plaintiff's employment was terminated effective November 23, 2015.

25. At the time Defendant terminated Plaintiff's employment, however, Plaintiff had not exceeded his FMLA leave entitlement.

26. On December 7, 2015, Plaintiff went to Defendant and handed his former Supervisor, Mike (last name unknown at this time), a note from his doctor stating that Plaintiff was medically cleared to return to work immediately and without restrictions.

27. Supervisor Mike refused to consider reinstating Plaintiff, saying that Plaintiff "had been out too long"; Supervisor Mike then directed Plaintiff to turn in his I.D. badge.

28. On or around January 6, 2016, Plaintiff wrote to Defendant's Benefit Coordinator, Marilyn Acosta, pleading for his job back. Among other things, Plaintiff wrote that Supervisor Mike had refused to discuss reinstatement with him because he had "been out too long," that he

had been a 2.5+ year employee, that Defendant was "currently hiring," and that he "need[ed his] job back."

29. Defendant failed to respond to said letter.

30. Defendant fired Plaintiff because he took medical leave and/or because of his disability and/or perceived disability.

## COUNT I
### Violations of the Family and Medical Leave Act
**(Interference)**

31. The foregoing paragraphs are incorporated herein as if set forth in full.

32. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act.

33. As of April 2015, Plaintiff was employed by Defendant for at least twelve (12) months.

34. Further, Plaintiff had at least 1,250 hours of service with Defendant during the twelve (12) months prior to the commencement of his first and second medical leaves of absence.

35. Defendant is engaged in an industry affecting commerce and employed fifty (50) or more employees for twenty (20) or more calendar workweeks in 2015 or 2014.

36. Plaintiff required time off from work because of his disabilities.

37. Plaintiff's disabilities constituted serious health conditions within the meaning of the FMLA.

38. Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks , and Defendant was not permitted to interfere with Plaintiff's rights to same.

39. Defendant interfered with Plaintiff's FMLA rights by firing Plaintiff for having taken leave that Defendant should have designated and treated as FMLA protected leave.

40. Defendant interfered with Plaintiff's FMLA rights by firing Plaintiff to prevent him from taking further FMLA leave.

41. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT II
### Violations of the Family and Medical Leave Act
**(Retaliation)**

42. The foregoing paragraphs are incorporated herein as if set forth in full.

43. Defendant retaliated against Plaintiff by firing him for having taken leave that Defendant should have designated and treated as FMLA protected leave.

44. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT III
### Violations of the New Jersey Law Against Discrimination (NJLAD)
**(Disability/Perceived Disability Discrimination)**

45. The foregoing paragraphs are incorporated herein as if set forth in full.

46. At all times relevant herein, Plaintiff's medical conditions rendered him an individual with a disability/disabilities under the NJLAD.

47. At all times relevant herein, Defendant perceived Plaintiff to be suffering from a disability/disabilities within the meaning of the NJLAD.

48. Defendant fired Plaintiff because he suffered from a disability/disabilities and/or because Defendant perceived him as being disabled.

49. Defendant's actions as aforesaid constitute violations of the NJLAD and have caused Plaintiff to suffer damages.

## COUNT IV
### Violations of the New Jersey Law Against Discrimination (NJLAD)
**(Failure to Accommodate)**

50. The foregoing paragraphs are incorporated herein as if set forth in full.

51. Plaintiff requested a reasonable accommodation from Defendant in that he sought to be permitted to take leaves caused by his disability/disabilities and/or treatment for the same.

52. Defendant could have continued to grant Plaintiff the aforementioned accommodations without undue hardship, but failed to do so.

53. Defendant's aforementioned conduct is in violation of the NJLAD and has caused Plaintiff to suffer damages.

## COUNT V
### Violations of the New Jersey Law Against Discrimination (NJLAD)
**(Retaliation)**

54. The foregoing paragraphs are incorporated herein as if set forth in full.

55. Plaintiff requested periods of time off from work due to his disability/disabilities.

56. Requesting accommodations for disabilities constitute protected activities under the NJLAD.

57. Defendant fired Plaintiff because he requested the aforementioned accommodations.

58. Defendant's aforementioned conduct constitutes retaliation pursuant to the NJLAD and has caused Plaintiff to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain their illegal policy, practice, or custom of discriminating against employees or prospective employees based on their need to take FMLA qualifying leaves and/or their health conditions;

7

B.  Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost and future lost earnings;

C.  Plaintiff is to be awarded liquidated damages and/or punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future (liquidated damages are sought under the FMLA);

D.  Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

F.  Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Richard Swartz*
Richard Swartz, Esq.
1101 Kings Highway North
Suite 402
Cherry Hill, NJ 08034
(856) 685-7420 Tel
(856) 685-7417 Fax

Dated: February 26, 2016